1
LEONARDO M. RAPADAS
2 United States Attorney
MIKEL W. SCHWAB
3 Assistant U.S. Attorney
Sirena Plaza, Suite 500
4 108 Hernan Cortez Avenue
Hagatna, Guam 96910
5 Tel: 671-472-7332
Fax: 671-472-7215
6
Paul Ortiz
7 Senior Attorney
Office of General Counsel
8 National Oceanic and Atmospheric Administration
501 West Ocean Blvd.
9 Suite 4470
Long Beach, California 90802
10 Tel: 562 980 4069

11 Attorneys for the United States of America

12

13                    IN THE UNITED STATES DISTRICT COURT

14                                    FOR THE

15                          TERRITORY OF GUAM

16 UNITED STATES OF AMERICA,              )      CIVIL CASE NO. 06-00030
17                    Plaintiff,          )
18            vs.                         )      **WARRANT FOR ARREST OF VESSEL**
19 MARSHALLS 201,                         )
20                    Defendant.          )
21 _____ )

22 **THE PRESIDENT OF THE UNITED STATES TO THE MARSHAL OF THE**

23 **DISTRICT OF GUAM, GREETING:**

24

25        **WHEREAS,** a verified Complaint has been filed in this Court on 4th day of

26 October, 2006, by the United States Attorney's Office, the Plaintiff herein, against the

27 defendant Vessel **Marshalls 201** and her engines, tackle, etc., in a cause of action in

28 contract, civil and maritime, in which the amount demanded is for the forfeiture of the

RECEIVED
OCT 0 4 2006
BERMAN O'CONNOR MANN & SHKLOV

1 Vessel, and other damages, fines, interest and costs, for the reasons and causes
2 mentioned in the Complaint, and praying that the usual process of this Court in cases of
3 admiralty and maritime jurisdiction issue, and that all person claiming any interest in such
4 Vessel, including her fishing gear, furniture, appurtenances, stores, cargo, electronic and
5 documentary records (including plotters, fax machines and other devices), and catch of
6 fish, be cited to appear and answer all and singular the matters in the Complaint, and all
7 the proceedings being had that such Vessel, including her fishing gear, furniture,
8 appurtenances, stores, cargo, electronic and documentary records (including plotters, fax
9 machines and other devices), and catch of fish, may for the causes in the Complaint be
10 condemned and sold to pay the demands of the Plaintiff.

11     **NOW THEREFORE,** you are hereby commanded to arrest the **Marshalls 201,**
12 her engines, machinery, tackle and appurtenances, stores, cargo, electronic and
13 documentary records (including plotters, fax machines and other devices), and catch of
14 fish and to retain the same in your custody until further order of this Court respecting the
15 same, and to serve a copy of the Complaint and this Warrant of Arrest of Vessel, upon the
16 Master or other ranking officer, custodian or other person found in charge of the Vessel,
17 and to post the same conspicuously upon the Vessel itself and further to request of any
18 customs or port official to withhold clearance to depart until notified to do so by yourself
19 or the Clerk of this Court.

20     And what you shall have done in the premises do you then and there make return
21 thereof, together with this Court.

22

23     DATED this 4th day of October, 2006.

24

25                                 MARY L. MORAN
                                    Clerk of Court
26                                  District Court of Guam

27

28                              Chief DEPUTY CLERK

1
LEONARDO M. RAPADAS
2
United States Attorney
MIKEL W. SCHWAB
3
Assistant U.S. Attorney
Sirena Plaza, Suite 500
4
108 Hernan Cortez Avenue
Hagatna, Guam 96910
5
Tel: 671-472-7332
Fax: 671-472-7215
6
Paul Ortiz
7
Senior Attorney
Office of General Counsel
8
National Oceanic and Atmospheric Administration
501 West Ocean Blvd.
9
Suite 4470
Long Beach, California 90802
10
Tel: 562 980 4069
11
Attorneys for the United States of America

12

13
IN THE UNITED STATES DISTRICT COURT

14
FOR THE

15
TERRITORY OF GUAM

16

17
UNITED STATES OF AMERICA,        )        CIVIL CASE NO. **06 - 0 0 3 0**
18
                Plaintiff,        )
19
        vs.                       )        **ORDER**
                                  )        **JUDICIALLY AUTHORIZING**
20
MARSHALLS 201,                    )        **WARRANT FOR ARREST**
21
                Defendant.        )
22
_____  )

23

24
        This matter came before the Court for review on 4<u>th</u> day of October, 2006.   The

25
Court after reviewing the verified Complaint and supporting papers and good cause

26
appearing, finds that the conditions for an in rem seizure appears to exist in that this is an

27
in rem action in admiralty for violation of provisions of the Magnuson-Stevens Fishery

28
Conservation and Management Act (See Fed.R.Civ.P. Rule C (1)(b) and 16 U.S.C. §§

1858(d) and 1860 (a)), rendered by the **Marshalls 201**, and the property is presently operating out of a port in the Marshall Islands and continues to operate in and around the EEZ of Howland and Baker Islands. The Vessel has substantial operations in the waters of Kiribati and other Pacific Islands in the region.

**IT IS HEREBY ORDERED** that a Warrant for the Arrest of the **Marshalls 201**, her fishing gear, furniture, appurtenances, stores, cargo, electronic and documentary records (including plotters, fax machines and other devices), and catch of fish is authorized and shall issue and be delivered to the Clerk of the Court who shall prepare and deliver the warrant to the U.S. Marshal for service on the defendant Vessel through its master or person in charge of the defendant Vessel. The U.S. Marshal shall move the **Marshalls 201** as he deems necessary. The U.S. Marshal has discretion under direction of the Court, to;

- authorize who can board the vessel, including properly credentialed representatives of the United States, any alleged or prospective owners, and the crew;

- authorize crew or other persons to remain on board for the maintenance and upkeep of the **Marshalls 201**;

- unload perishables and other items, as inventoried and approved by the U.S. Marshals.


DATED this _4th_ day of October, 2006.


JOAQUIN V.E. MANIBUSAN, JR.
~~Designated District Court Judge~~
U.S. Magistrate Judge

2

1
2  **THE LAW OFFICES OF MARK S. SMITH**
   456 West O'Brien Drive, Suite 102-D
3  Hagatna, Guam 96910
   Telephone: (671) 477-6631/32
4  Facsimile:  (670) 477-8831

5  Attorney for Defendant,
   *Wen Yueh Lu*
6

7
8              IN THE UNITED STATES DISTRICT COURT
9
               FOR THE TERRITORY OF GUAM
10

11 | UNITED STATES OF AMERICA,      )      MAGISTRATE CASE NO.: 06-00031
                                   )
12 |            Plaintiff,          )
                                   )
13 |        vs.                     )      **NOTICE OF APPEARANCE AS**
                                   )      **CO-COUNSEL**
14 |                                )
                                   )
15 | WEN YUEH LU                    )
                                   )
16 |            Defendant.          )
                                   )
17 |_____)

18

19              **NOTICE OF APPEARANCE AS CO-COUNSEL**

20      **COMES NOW**, Mark S. Smith, Esq. and appears as co-counsel for Defendant in the

21 above-captioned action.

22      Dated this 13TH day of December, 2006.

23

24                                    Respectfully submitted,

25

26

27                          By: _____
                               **MARK S. SMITH, ESQ.**
28                             Attorney for Defendant, *Wen Yueh Lu*

Wen.Yueh.Lu
Notice.of.Appearance

EXHIBIT
Page 1 of 1.

DANIEL J. BERMAN
BERMAN O'CONNOR & MANN
Suite 503, Bank of Guam Building
111 Chalan Santo Papa
Hagatna, Guam 96910
Telephone: (671) 477-2778
Facsimile: (617) 477-4366

JAMES P. WALSH (Pro hac vice)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
One Embarcadero Center
San Francisco, California 94111-6533
Telephone: (415) 276-6500
Facsimile: (415) 276-6599

Attorneys for Defendant:
MARSHALLS 201

# FILED
## DISTRICT COURT OF GUAM

### OCT 2 7 2006

## MARY L.M. MORAN
## CLERK OF COURT

## UNITED STATES DISTRICT COURT

## FOR THE TERRITORY OF GUAM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) | CIVIL CASE NO. 06-00030 |
| Plaintiff, | ) ) | **APPLICATION FOR** |
| v. | ) ) | **ADMISSION OF ATTORNEY** *PRO HAC VICE* |
| MARSHALLS 201, in rem, | ) ) ) | |
| Defendant. | ) ) | |

Pursuant to Local Rule 17.1(c) of this Court, the attorneys of record for Defendant

MARSHALLS 201 move that JAMES P. WALSH, an active member in good standing of the

bar of California, be admitted to practice *pro hac vice* in this Court in the above entitled action

on the following basis:

**US Attorney's Office**
**Districts of Guam & NMI**

OCT 27 2006

JEmmanuit
...keyed in Obase 10/27/06

**EXHIBIT**

1.     Mr. Walsh is an active member in good standing of the highest court of the State of California.

2.     Mr. Walsh, in this matter, will be affiliated with the law firm of Berman O'Connor & Mann, whose lawyers are licensed to practice law in the District of Guam and who will also be active in the case,

3.     Mr. Walsh is a proctor in admiralty and a member of the Maritime Law Association of the United States.

4.     Attached is proof of Mr. Walsh's good character, competence, and admission in other jurisdictions.

Attached is proposed order of *pro hac vice* admission.

DATED:  October 26, 2006

Respectfully submitted,

Daniel J. Berman
BERMAN O'CONNOR & MANN

Attorneys for Defendants MARSHALLS 201

# THE
# STATE BAR
# OF CALIFORNIA

180 HOWARD STREET
SAN FRANCISCO, CALIFORNIA 94105-1639
TELEPHONE (415) 538-2000

October 17, 2006

TO WHOM IT MAY CONCERN:

This is to certify that according to the records of the State Bar, JAMES PATRICK WALSH, #184620 was admitted to the practice of law in this state by the Supreme Court of California on December 2, 1996; and has been since that date, and is at date hereof, an ACTIVE member of the State Bar of California; and that no recommendation for discipline for professional or other misconduct has ever been made by the Board of Governors or a Disciplinary Board to the Supreme Court of the State of California.

State of California County of
SAN FRANCISCO
Subscribed and sworn to (or affirmed)
Before me on this 17TH day of october, 2006, by
J. Robert McPhail
personally Known to me or proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Signature Kathleen C. McConnell

(Seal)

KATHLEEN C. MC CONNELL
Commission # 1671404
Notary Public - California
San Francisco County
My Comm. Expires May 30, 2010

THE STATE BAR OF CALIFORNIA

J. Robert McPhail

J. Robert McPhail
Custodian of Membership Records

DANIEL J. BERMAN
BERMAN O'CONNOR & MANN
Suite 503, Bank of Guam Building
111 Chalan Santo Papa
Hagatna, Guam 96910
Telephone: (671) 477-2778
Facsimile: (617) 477-4366

US Attorney's Office
Districts of Guam & NMI

NOV 14 2006

Time _____
Receiving name _____
Date keyed in Dbase _____
Entered into Dbase by: _____

**FILED**
DISTRICT COURT OF GUAM

OCT 30 2006

MARY L.M. MORAN
CLERK OF COURT

JAMES P. WALSH (Pro hac vice)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California 94111-6533
Telephone: (415) 276-6500
Facsimile: (415) 276-6599

Attorneys for Defendant MARSHALLS 201

## IN THE DISTRICT COURT OF GUAM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CIVIL CASE NO. 06-00030 |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING** |
| | ) | **APPLICATION FOR** |
| v. | ) | **ADMISSION OF ATTORNEY** |
| | ) | ***PRO HAC VICE*** |
| MARSHALLS 201, in rem, | ) | |
| | ) | |
| Defendant. | ) | |

JAMES P. WALSH, an active member in good standing of the bar of California, whose business address is Davis Wright Tremaine LLP, One Montgomery Street, Suite 800, San Francisco, CA 94111, having applied for admission to practice in this Court in the above-captioned matter on a *pro hac vice* basis, representing Plaintiffs,

IT IS HEREBY ORDERED THAT the application is granted, subject to the terms and conditions of the Rules of Admission to Practice before the District Court of Guam.

DATED: October 27, 2006

JOAQUIN V. E. MANIBUSAN, JR.
U.S. Magistrate Judge

**EXHIBIT**
**3**

# THE LAW OFFICES OF MARK S. SMITH

456 West O'Brien Drive, Suite 102-D
Hagatna, Guam 96910
Telephone: (671) 477-6631/32
Facsimile: (671) 477-8831
E-mail: markshawnsmith@hotmail.com

December 21, 2006

VIA FACSIMILE NO.:
(671) 472-7334

Karon Johnson, Esq.
Assistant U.S. Attorney
Suite 500 Sirena Plaza
Office of the United States Attorney
108 Hernan Cotres Avenue, Suite 500
Hagatna, Guam, Guam 96910

RE:     UNITED STATES OF AMERICA vs. WEN YUEH LU; MAGISTRATE
        CASE NO. 06-00031

Dear Karon:

I am writing this letter with respect to the possibility of a plea agreement which was discussed in court on December 13, 2006. If possible, we are looking for a Nolo Contendere Plea, Five Thousand ($5,000.00) Dollar fine and no jail time and immediate release for Wen Lu to leave Guam. We are also considering a plea in absentia to expedite Wen Lu's departure.

Please contact me with your thoughts on this matter. I appreciate your attention and Happy Holidays.

Sincerely,

Mark S. Smith

cc:     Daniel J. Berman, Esq.

Saipan Office
1ˢᵗ Floor, San Jose Court Building
Cor.Ghiyeghi Street **EXHIBIT** Way, San Jose
PMB
Telephone: (67 234-1251

 **U.S. Department of Justice**

*United States Attorney*
*District of Guam*

---

*Sirena Plaza, Suite 500*      *(671) 472-7332*
*108 Hernan Cortez Avenue*    *FAX: (671) 472-7334*
*Hagatna, Guam 96910*

December 29, 2006

Mr. Mark S. Smith, Esq.
456 West O'Brien Drive, Suite 102-D
Hagatna, GU 96910



RECEIVED

DEC 2 9 2006

Law Office of Mark Smith
TIME: 130 INITIAL:

Re   <u>United States v. Lu, Magistrate Case No. 06-00031</u>

Dear Mark,

      I am enclosing a disc with the discovery available to date on this case. I printed out the files indexes, which reflect the files under Attachments, Miscellaneous Documents, OIR, and FFV Marshals 201 Case Packa... In addition I am enclosing a plea offer in this case. I am in receipt of your letter of December 21, which suggests that Mr. Lu be allowed to enter a Nolo Contendere plea. Such pleas are not allowed by the Department of Justice, absent very unusual circumstances. Only the Deputy Attorney General may authorize such pleas, and I doubt any application for a nolo plea on a Class B misdemeanor would be well received.

      I believe it essential that we clarify the scope of your representation of Mr. Lu. You advised the court that you were "associated" with the Berman firm. The implication is that you are not acting as a fully independent counsel on behalf of Mr. Lu. If you are not, you and the Berman firm have a serious conflict in representing both the owners of the Marshalls 201 and Mr. Lu. An element of this criminal charge is that Mr. Lu knowingly refused to be boarded by "any officer authorized to enforce the provisions of this chapter," as provided in 16 U.S.C. § 1857(1)(D). The US Coast Guard would have no authority to board the vessel unless it was in the Howland-Baker EEZ. Necessarily, therefore, if he wishes to take this plea offer Mr. Lu will have to concede that the Coast Guard had the authority to order him to heave to, because he had been in our EEZ. As I understand the civil forfeiture proceeding against the Marshalls 201, the



EXHIBIT
5



crux of the case is whether it was fishing within the EEZ. Therefore, the interests of Mr. Lu and the owners of the Marshalls 201 are directly in conflict.

Sincerely,

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and CNMI

By:

KARON V. JOHNSON
Assistant U.S. Attorney

1  Lu.ple

2  LEONARDO M. RAPADAS
   United States Attorney
3  KARON V. JOHNSON
   Assistant U.S. Attorney
4  Suite 500, Sirena Plaza
   108 Hernan Cortez Avenue
5  Agana, Guam  96910
   Telephone:  (671) 472-7332/7283
6  Telecopier:  (671) 472-7334

7  Attorneys for United States of America

8

9                    IN THE UNITED STATES DISTRICT COURT

10                    FOR THE TERRITORY OF GUAM

11 | UNITED STATES OF AMERICA,        )   MAGISTRATE CASE NO.   06-0031

12 |                   Plaintiff,     )

13 |          vs.                     )        **PLEA AGREEMENT**

14 | WEH YUEH LU,                     )

15 |                   Defendant.     )

16 | _____ )

17      Pursuant to Rule 11(c)(1)(B), the United States and the defendant, WEH YUEH LU,

18 enter into the following plea agreement:

19      1. The defendant agrees to enter a guilty plea to an Information charging him with

20 Refusal to Allow Boarding in violation of Title 16, United States Code, § 1857(a)(D).

21      2(a)  The defendant, WEH YUEH LU,  understands that the <u>maximum</u> sentence for

22 Refusal to Allow Boarding is a term of six months incarceration, a $5,000 fine, and a $10 special

23 assessment fee, which must be paid at the time of sentencing.  Any sentence imposed may

24 include a term of supervised release of not more than one year in addition to such term of

25 imprisonment.

26      2(b) The government will recommend three days incarceration, with credit for time

27

28                                    - 1 -

served, one year supervised release, and a fine within the Sentencing Guidelines range. If defendant is financially unable to immediately pay the fine in full, defendant agrees to make a full disclosure of his financial status to the United States Attorney's Office by completing a Financial Disclosure Form (OBD-500) for purpose of fixing a monthly payment schedule. Defendant understands that, by law, interest accrues on any remaining balance of the debt.

3. The defendant understands that to establish a violation of Refusal to Allow Boarding as charged pursuant to 16 U.S.C. § 1857(1)(D), the government must prove each of the following elements beyond a reasonable doubt:

> First: the defendant was in control of a fishing vessel as defined by Title 16, U.S.C. § 1802(17);
>
> Second: the United States had sovereign rights and exclusive fishery management authority over the exclusive economic zone (EEZ) surrounding Howland and Baker Islands, as provided by the Magnuson-Stevens Fishery Conservation and Management Act, 16 U.S.C. § 1801 *et seq*;
>
> Third: United States Coast Guard (USCG) had responsibility for enforcing said Magnuson-Stevens Act;
>
> Fourth: an officer of the USCG attempted to board defendant's fishing vessel for the purpose of conducting a search and inspection in connection with enforcement of said Magnuson-Stevens Act;
>
> Fifth: defendant unlawfully and knowingly refused to permit the USCG officer to board his fishing vessel;
>
> Sixth: the USCG officer had the authority to board defendant's fishing vessel at that time and place.

4. The defendant agrees that the Sentencing Guidelines apply to this offense. The defendant also understands that the facts he stipulates to herein will be used, pursuant to 1B1.2, in calculating the applicable guidelines level. The Government and the defendant stipulate to the following facts for purposes of the Sentencing Guidelines:

(a) The defendant was born in 1948, and is a citizen of Taiwan.

(b) If the defendant cooperates with the United States by providing information concerning the unlawful activities of others, the government agrees that any self-incriminating

-2-

information so provided will not be used against defendant in assessing his punishment, and therefore, pursuant to § 1B1.3 of the Sentencing Guidelines, this information should not be used in determining the applicable guidelines range.

(c) The United States has an exclusive economic zone (EEZ) surrounding Howland and Baker Islands, which are Pacific Insular Possessions of the United States. The United States has sovereign rights and jurisdiction over the fishery resources within the EEZ surrounding Howland and Baker Islands, which encompasses all waters from the seaward boundary of each island to a distance of 200 nautical miles from their coastlines. Any fishing activities within this EEZ are controlled by the rules and regulations of the Magnuson-Stevens Fishery Conservation and Management Act (the Act), 16 U.S.C. § 8101 *et seq*. The United States Coast Guard has been designated by the Secretary of Commerce as the agency authorized to enforce the Act, which prohibits foreign vessels from fishing within this EEZ without a permit. Any such vessel fishing within the Howland-Baker EEZ is subject to the jurisdiction of the United States and may be boarded by the US Coast Guard for the purpose of conducting any search or inspection in connection with the enforcement of the Act.

On September 9, 2006, the defendant was the master of the Fishing Vessel (F/V) Marshals 201, a Republic of the Marshall Islands flagged purse seine vessel. The F/V Marshals 201 was subject to his control. On September 9, 2006, defendant was fishing inside the Howland-Baker EEZ. The US Coast Guard Cutter Walnut pulled alongside the Marshals 201, and officers aboard the Walnut ordered defendant to heave to so that they could board his vessel for the purpose of conducting an inspection in connection with enforcement of the Act. Instead, defendant caused the Marshals 201 to get under way. Defendant ignored repeated orders to heave to, and did not stop the Marshals 201 and allow officers of the US Coast Guard to board, until he had left the EEZ.

(d) The defendant understands that notwithstanding any agreement of the parties, the United States Probation Office will make an independent application of the Sentencing

- 3 -

Guidelines. The defendant acknowledges that should there be discrepancies in the final sentencing guidelines range projected by his counsel or any other person, such discrepancies are not a basis to withdraw his guilty plea.

5. In exchange for the Government's concessions in this plea agreement, the defendant waives any right to appeal or to collaterally attack this conviction but reserves the right to appeal the sentence imposed in this case. He agrees to waive all constitutional challenges to the validity of the Sentencing Guidelines. The defendant agrees that the government has bargained for a criminal conviction arising from his conduct. If at any time defendant's guilty plea or conviction is rejected, withdrawn, vacated or reversed, for whatever reason, or if any change of law renders the conduct for which he was convicted to be non-criminal, defendant agrees that he will enter a guilty plea to another charge encompassing the same or similar conduct. In such event, defendant waives any objections, motions or defenses based upon the Statute of Limitations, Speedy Trial Act, or constitutional restrictions as to the time of bringing such charges.

6. The defendant acknowledges that he has been advised of his rights as set forth below prior to entering into this plea agreement. Specifically, defendant has been fully advised of, has had sufficient opportunity to reflect upon, and understands the following:

(a) The nature and elements of the charge and the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law;

(b) His right to be represented by an attorney;

(c) His right to plead not guilty and the right to be tried by a jury and at that trial, the right to be represented by counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself, that is, the right not to testify;

(d) That if he pleads guilty, there will not be a further trial of any kind on the charges to which such plea is entered so that by entering into this plea agreement, he waives, that is, gives up, the right to a trial;

(e) Because this plea is entered pursuant to Federal Rule of Criminal Procedure

-4-

11(c)(1)(B), the defendant understands that he may not withdraw his guilty plea even if the court does not accept the sentencing recommendations of the government or his counsel;

(f) That, upon entry of a plea of guilty, or thereafter, the Court may ask him questions about the offenses to which he has pled, under oath, and that if he answers these questions under oath, on the record, his answers may later be used against him in prosecution for perjury or false statement if an answer is untrue;

(g) That he agrees that the plea agreement is voluntary and not a result of any force, threats or promises apart from this plea agreement;

(h) The defendant is satisfied with the representation of his lawyer and feels that his lawyer has done everything possible for his defense;

(i) This plea agreement has been translated into defendant's native language, and he fully understands it.

DATED: _____

_____
WEH YUEH LU
Defendant

DATED: _____

_____
MARK S. SMITH
Attorney for Defendant

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and CNMI

DATED: _____        By:        _____
KARON V. JOHNSON
Assistant U.S. Attorney

DATED: _____

_____
JEFFREY S. STRAND
First Assistant U.S. Attorney

-5-

Westlaw.

ABA-AMRPC Rule 1.7                                                      Page 1
 Ann. Mod. Rules Prof. Cond. Rule 1.7

American Bar Association
Annotated Model Rules of Professional Conduct, 5th Edition
June 2003

RULE 1.7 CONFLICT OF INTEREST: CURRENT CLIENTS

Copyright © 2003 by the American Bar Association

(a) Except as provided in paragraph (b), a lawyer shall not represent a client
if the representation involves a concurrent conflict of interest.

A concurrent conflict of interest exists if:
(1) the representation of one client will be directly adverse to another
client; or
(2) there is a significant risk that the representation of one or more clients
will be materially limited by the lawyer's responsibilities to another client, a
former client or a third person or by a personal interest of the lawyer.

(b) Notwithstanding the existence of a concurrent conflict of interest under
paragraph (a), a lawyer may represent a client if:
(1) the lawyer reasonably believes that the lawyer will be able to provide
competent and diligent representation to each affected client;
(2) the representation is not prohibited by law;
(3) the representation does not involve the assertion of a claim by one client
against another client represented by the lawyer in the same litigation or other
proceeding before a tribunal; and
(4) each affected client gives informed consent, confirmed in writing.

COMMENT

General Principles

[1] Loyalty and independent judgment are essential elements in the lawyer's
relationship to a client. Concurrent conflicts of interest can arise from the
lawyer's responsibilities to another client, a former client or a third person or
from the lawyer's own interests. For specific Rules regarding certain concurrent
conflicts of interest, see Rule 1.8. For former client conflicts of interest, see
Rule 1.9. For conflicts of interest involving prospective clients, see Rule 1.18.
For definitions of "informed consent" and "confirmed in writing," see Rule 1.0(e)
and (b).

[2] Resolution of a conflict of interest problem under this Rule requires the
lawyer to: 1) clearly identify the client or clients; 2) determine whether a
conflict of interest exists; 3) decide whether the representation may be undertaken
despite the existence of a conflict, i.e., whether the conflict is consentable; and
4) if so, consult with the clients affected under paragraph (a) and obtain their
informed consent, confirmed in writing. The clients affected under paragraph (a)
include both of the clients referred to in paragraph (a)(1) and the one or more
clients whose representation might be materially limited under paragraph (a)(2).

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



(1) Acquire a lien granted by law to secure his fee or expenses.

(2) Contract with a client for a reasonable contingent fee in a civil case.

(B) While representing a client in connection with contemplated or pending litigation, a lawyer shall not advance or guarantee financial assistance to his client, except that a lawyer may advance or guarantee the expenses of litigation, including court costs, expenses of investigation, expenses of medical examination, and costs of obtaining and presenting evidence, provided the client remains ultimately liable for such expenses.

### DR 5-104    Limiting Business Relations with a Client

(A) A lawyer shall not enter into a business transaction with a client if they have differing interests therein and if the client expects the lawyer to exercise his professional judgment therein for the protection of the client, unless the client has consented after full disclosure.

(B) Prior to conclusion of all aspects of the matter giving rise to his employment, a lawyer shall not enter into any arrangement or understanding with a client or a prospective client by which he acquires an interest in publication rights with respect to the subject matter of his employment or proposed employment.

### DR 5-105    Refusing to Accept or Continue Employment If the Interests of Another Client May Impair the Independent Professional Judgment of the Lawyer

(A) A lawyer shall decline proffered employment if the exercise of his independent professional judgment in behalf of a client will be or is likely to be adversely affected by the acceptence of the proffered employment, or if it would be likely to involve him in representing differing interests, except to the extent permitted under DR 5-105(C).

(B) A lawyer shall not continue multiple employment if the exercise of his independent professional judgment in behalf of a client will be or is likely to be adversely affected by his representation of another client, or if it would be likely to involve him in representing differing interests, except to the extent permitted under DR 5-105(C).

574

EXHIBIT

7

(C) In the situations covered by DR 5-105 (A) and (B), a lawyer may represent multiple clients if it is obvious that he can adequately represent the interest of each and if each consents to the representation after full disclosure of the possible effect of such representation on the exercise of his independent professional judgment on behalf of each.

(D) If a lawyer is required to decline employment or to withdraw from employment under a Disciplinary Rule, no partner, or associate, or any other lawyer affiliated with him or his firm, may accept or continue such employment.

## DR 5-106  Settling Similar Claims of Clients

(A) A lawyer who represents two or more clients shall not make or participate in the making of an aggregate settlement of the claims of or against his clients, unless each client has consented to the settlement after being advised of the existence and nature of all the claims involved in the proposed settlement, of the total amount of the settlement, and of the participation of each person in the settlement.

## DR 5-107  Avoiding Influence by Others Than the Client

(A) Except with the consent of his client after full disclosure, a lawyer shall not:

(1) Accept compensation for his legal services from one other than his client.

(2) Accept from one other than his client any thing of value related to his representation of or his employment by his client.

(B) A lawyer shall not permit a person who recommends, employs, or pays him to render legal services for another to direct or regulate his professional judgment in rendering such legal services.

(C) A lawyer shall not practice with or in the form of a professional corporation or association authorized to practice law for a profit, if:

(1) A non-lawyer owns any interest therein, except that a fiduciary representative of the estate of a lawyer may hold the stock or interest of the lawyer for a reasonable time during administration;

(2) A non-lawyer is a corporate director or officer thereof; or

(3) A non-lawyer has the right to direct or control the professional judgment of a lawyer.

575

ment that will adversely affect his judgment on behalf of or dilute his loy-
alty to a client. This problem arises whenever a lawyer is asked to repre-
sent two or more clients who may have differing interests, whether such
interests be conflicting, inconsistent, diverse, or otherwise discordant.

EC 5-15   If a lawyer is requested to undertake or to continue repre-
sentation of multiple clients having potentially differing interests, he must
weigh carefully the possibility that his judgment may be impaired or his
loyalty divided if he accepts or continues the employment. He should re-
solve all doubts against the propriety of the representation. A lawyer
should never represent in litigation multiple clients with differing interests;
and there are few situations in which he would be justified in representing
in litigation multiple clients with potentially differing interests. If a lawyer
accepted such employment and the interests did become actually differing,
he would have to withdraw from employment with likelihood of resulting
hardship on the clients; and for this reason it is preferable that he refuse
the employment initially. On the other hand, there are many instances in
which a lawyer may properly serve multiple clients having potentially dif-
fering interests in matters not involving litigation. If the interests vary only
slightly, it is generally likely that the lawyer will not be subjected to an ad-
verse influence and that he can retain his independent judgment on behalf
of each client; and if the interests become differing, withdrawal is less likely
to have a disruptive effect upon the causes of his clients.

EC 5-16   In those instances in which a lawyer is justified in repre-
senting two or more clients having differing interests, it is nevertheless es-
sential that each client be given the opportunity to evaluate his need for
representation free of any potential conflict and to obtain other counsel
if he so desires. Thus before a lawyer may represent multiple clients, he
should explain fully to each client the implications of the common repre-
sentation and should accept or continue employment only if the clients
consent. If there are present other circumstances that might cause any of
the multiple clients to question the undivided loyalty of the lawyer, he
should also advise all of the clients of those circumstances.

EC 5-17   Typically recurring situations involving potentially differ-
ing interests are those in which a lawyer is asked to represent co-defen-
dants in a criminal case, co-plaintiffs in a personal injury case, an insured
and his insurer, and beneficiaries of the estate of a decedent. Whether a
lawyer can fairly and adequately protect the interests of multiple clients
in these and similar situations depends upon an analysis of each case. In
certain circumstances, there may exist little chance of the judgment of the

569

EXHIBIT

8