ORIGINAL

LEONARDO M. RAPADAS
United States Attorney
KARON V. JOHNSON
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Agana, Guam 96910
Telephone: (671) 472-7332/7283
Telecopier: (671) 472-7334

Attorneys for United States of America

FILED
DISTRICT COURT OF GUAM
JAN - 3 2007
MARY L.M. MORAN
CLERK OF COURT

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF GUAM

| | |
|---|---|
| WEN YUEH LU,<br><br>    Petitioner,<br><br>vs.<br><br>LEONARDO M. RAPADAS, United States Attorney for the Territory of Guam and the Northern Mariana Islands; JOAQUIN L.G. SALAS, in his official capacity as Chief Marshal, Territory of Guam; and FRANK MICHAEL CRUZ, in his official capacity as Chief Probation Officer, U.S. Probation Office for the Territory of Guam,<br><br>    Respondents. | CIVIL CASE NO. 06-00039<br><br>**GOVERNMENT'S RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS** |

Pursuant to the Court's Order of December 28, 2006, LEONARDO M. RPADAS, United States Attorney for the Districts of Guam and the Northern Mariana Islands, JOAQUIN L.G. SALAS, the United States Marshal for Guam and the Northern Mariana Islands, and FRANK MICHAEL CRUZ, Chief Probation Officer for the District of Guam, by and through the United States Attorney for the District of Guam, files this response to petitioner WEN YUEH LU's Petition for Writ of Habeas Corpus.

This court does not have jurisdiction to consider defendant's habeas corpus petition, filed pursuant to 28 U.S.C. § 2241, because defendant has failed to exhaust his judicial remedies relating to his conditions of release pending trial.

Defendant is "in custody" for purposes of 28 U.S.C. § 2241(c)(1), because virtually any restraint to his movements will qualify him for that status. Jones v. Cunningham, 371 U.S. 236 (1963). Thus, even the mild conditions imposed by this Honorable Court, that he surrender his passport to the Clerk of the Court, remain on Guam and reside at a specified address, constitute a form of "custody." His failure, however, to appeal the terms imposed by the court deprive it of any jurisdiction to consider a habeas petition.

Title 18, U.S.C. § 3145(a) provides in pertinent part:

> (a) Review of a release order. – If a person is ordered released by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court–
>
> > (2) the person may file, with the court having original jurisdiction over the offense, a motion for amendment of the conditions of release.
>
> (c) Appeal from a release or detention order.–An appeal from a release or detention order, or from a decision denying revocation or amendment of such an order, is governed by the provisions of section 1291 of Title 28 and section 3731 of this title.

A petitioner must exhaust direct appeals before filing a habeas corpus petition. This is a court-imposed jurisdiction requirement for 28 U.S.C. § 2241. "[W]e requirement, as a prudential matter, that habeas petitioners exhaust available judicial remedies ... before seeking relief under Section 2241." Castro-Cortez v. INS, 239 F.3d 1037, 1047 (9th Cir. 2001). Exhaustion can be either statutorily or judicially required. "If exhaustion is statutory, it may be a mandatory requirement that is jurisdictional. (Citation omitted.) If, however, exhaustion is a prudential requirement, a court has discretion to waive the requirement." Acevedo-Carranza v. Ashcroft, 371 F.3d 539, 541 (9th Cir. 2004). "Although courts have discretion to waive the exhaustion requirement when it is prudentially required, this discretion is not unfettered. ... Lower courts are, thus, not free to address the underlying merits without first determining the exhaustion requirement has been satisfied or properly waived." Laing v. Ashcroft, 370 F.3d 994, 998 (9th Cir. 2004).

-2-

This doctrine has been applied to a variety of circumstances in which a petitioner is seeking habeas relief. In <u>Acevedo-Carranza</u>, <u>supra</u>, for example, the petitioner had been convicted of possession for sale of heroin, whereupon the INS charged him with removability as one convicted of an aggravated felony. After a hearing, the immigration judge ordered him removed, and the Board of Immigration Appeals affirmed. Acevedo-Carranza had the option of appealing to the Ninth Circuit to contest whether his state conviction constituted an aggravated felony for purposes of deportation. Instead, however, he filed a Section 2241 petition, which the district court denied. The Ninth Circuit agreed, holding that the district court did not have jurisdiction to consider his petition, because he had failed to appeal the issue whether he was a convicted felon for purposes of deportation. Because a timely petition would not have been futile, "the district court correctly held that Acevedo-Carranza failed to exhaust his judicial remedies prior to filing a petition for habeas review." The court affirmed its dismissal of his habeas petition.

It is well settled that a prisoner must exhaust his administrative remedies before seeking habeas relief. In <u>Martinez v. Roberts</u>, 804 F.2d 570 (9th Cir. 1986), an inmate unhappy with certain aspects of his imprisonment filed a Section 2255 petition, which was dismissed. "Martinez failed to exhaust the administrative remedies made available by the Bureau of Prisons at the time of the filing of this petition for habeas corpus. The district court, therefore, correctly dismissed this claim." <u>Id.</u>.

In <u>Huynh Thi Anh v. Levi</u>, 586 F.2d 625 (6th Cir. 1978), relatives of Vietnamese children who had been placed in a foster home for adoption filed a complaint in federal court, circumventing the state adoption proceeding and seeking an order that the children should be turned over to them. The district court dismissed the petition, and the Sixth Circuit affirmed. "We conclude also that the federal courts should not assert jurisdiction for reasons of federal-state comity and because plaintiffs' state remedies are adequate." <u>Id.</u> at 632. The court treated the complaint as a habeas corpus petition, and affirmed its dismissal. It pointed out that

-3-

Michigan had well-established procedures for adoption, which were fair and adequate, and that the relatives could have sought an injunction against the adoption through the state system. "Plaintiffs have not exhausted their state remedies, and we would therefore lack jurisdiction of the plaintiffs' suit if viewed as a habeas corpus petition under 28 U.S.C. Section 2241(c) ...." Id. at 633.

This principle is well established. In Petrai v. Archer, 8 F.2d 354 (9th Cir. 1925), for example, the defendant brought a habeas petition after he was incarcerated for bootlegging laws which, he asserted, had been repealed prior to the acts which led to his conviction. The district court dismissed his petition and the Ninth Circuit affirmed because he had failed to pursue his judicial remedies. "The questions which appellant seeks to have determined in this proceeding could have been raised by demurrer to the indictment or motion in arrest of judgment. The writ of habeas corpus cannot be made to perform the office of a writ of error." Id.

Habeas relief is only available from a decision if there are no other judicial remedies. Cordova v. City of Reno, 920 F.Supp. 135 (D.Nevada 1996). For example, in In re Extradition of Rolf Siegmund, 887 F.Supp. 1383 (D. Nevada 1995), Austria sought to extradite Siegmund from Nevada, and the magistrate denied bail pending an extradition hearing. Siegmund appealed, but the district court noted that it did not have jurisdiction to review the magistrate's order. Title 18, U.S.C. § 3184 gives magistrate judges the authority to conduct proceedings concerning such extraditions. The Nevada Local Rules did not provide for district court review of such proceedings. Thus, the court denied his appeal. It noted, however, that relief was available to him by habeas corpus. "There is no direct appeal in extradition proceedings, and habeas under 28 U.S.C. Section 2241 is an extraditee's sole remedy from a magistrate judge's order certifying extraditability." Id. at 1384.

In this case, if defendant Lu disagrees with the release conditions imposed by the magistrate judge of this district, 18 U.S.C. § 3145 gives him a specific remedy: to appeal to the district court. Thus, defendant has a judicial remedy which is available to him and which he has

-4-

failed to pursue. In such circumstances, this court has no jurisdiction to hear his habeas petition, and it must be dismissed.

RESPECTFULLY SUBMITTED this 3rd day of January, 2007.

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and CNMI

By: *[signature]*
KARON V. JOHNSON
Assistant U.S. Attorney