ORIGINAL

LEONARDO M. RAPADAS
United States Attorney
KARON V. JOHNSON
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Agana, Guam 96910
Telephone: (671) 472-7332/7283
Telecopier: (671) 472-7334

Attorneys for United States of America

FILED
DISTRICT COURT OF GUAM
JAN -8 2007
MARY L.M. MORAN
CLERK OF COURT

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF GUAM

| | |
|---|---|
| WEN YUEH LU, <br><br> Petitioner, <br><br> vs. <br><br> LEONARDO M. RAPADAS, United States Attorney for the Territory of Guam and the Northern Mariana Islands; JOAQUIN L.G. SALAS, in his official capacity as Chief Marshal, Territory of Guam; and FRANK MICHAEL CRUZ, in his official capacity as Chief Probation Officer, U.S. Probation Office for the Territory of Guam, <br><br> Respondents. | CIVIL CASE NO. 06-00039 <br><br> **GOVERNMENT'S RESPONSE TO PETITIONER'S REPLY** |

The government has not responded to the merits of petitioner's habeas corpus petition because this court clearly does not have jurisdiction to consider it. As the cases cited in the government's brief establish, petitioner must exhaust his judicial remedies unless it would be futile to attempt to do so.

Petitioner contends that it would be futile to appeal his conditions of release to the district court, but he does not explain why this would be so. For example, the district court may reconsider his conditions of release and agree to return his passport and allow him to leave Guam, if he posted a bond which would be adequate to ensure his return for trial. It is

undisputed that should defendant fail to appear for trial, the United States would have no legal recourse through the usual channels of extradition. The district court may decide that it would allow petitioner to leave Guam, if he were to post a bond significantly higher than the $5,000 now with the court. The government notes that the Camouco case cited by petitioner required the posting of an 8 million French franc (approximately $3.5 million US) bond before the captain, crew and vessel were released. The district court could very well determine that petitioner should be unconditionally released if he were to post a similar amount. A mechanism for review of the magistrate's decision can hardly be called futile, when Congress created 18 U.S.C. § 3145 specifically for that purpose.

Petitioner appears to acknowledge that in fact this court has no jurisdiction to consider a habeas corpus petition, by urging it to "convert" the petition to a review under Section 3145. This habeas corpus petition is a civil matter, which has been assigned a civil case number. If petitioner wants the court to reconsider its decision in the criminal case, he must file an appropriate motion under the criminal case number. The government did what it was ordered, to respond to the habeas petition. If Lu wants to file a motion to reconsider his release conditions, the government should be allowed a reasonable time to respond to whatever points he raises there.

RESPECTFULLY SUBMITTED this 8th day of January, 2007.

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and CNMI

By: *Frederick A. Black for K.J.*
KARON V. JOHNSON
Assistant U.S. Attorney

-2-