Daniel J. Berman, Esq.
BERMAN O'CONNOR & MANN
Suite 503 Bank of Guam Bldg.
111 Chalan Santo Papa
Hagatna, Guam 96932
Telephone: (671) 477-2778

Mark S. Smith, Esq.
THE LAW OFFICES OF MARK S. SMITH
456 West O'Brien Drive, Suite 102-D
Hagåtña, Guam 96910
Telephone: (671) 477-6631

Attorneys for Petitioner:
WEN YUEH LU

FILED
DISTRICT COURT OF GUAM
JAN -9 2007
MARY L.M. MORAN
CLERK OF COURT

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF GUAM

| | |
|---|---|
| WEN YUEH LU,<br><br>Petitioner,<br><br>vs.<br><br>LEONARDO M. RAPADAS, United States Attorney for the Territory of Guam and the Northern Mariana Islands, JOAQUIN L.G. SALAS, in his official capacity as the Chief Marshal; Territory of Guam; and FRANK MICHAEL CRUZ, in his official capacity as Chief Probation Officer, U.S. Probation Office for the Territory of Guam,<br><br>Respondents. | CIVIL CASE NO. CV06-00039<br><br>PETITIONER/DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE TO PETITIONER'S REPLY<br><br>DATE: JANUARY 11, 2007<br>TIME: 1:30 P.M. |

### PETITIONER/DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE TO PETITIONER'S REPLY

Comes Now Petitioner Defendant Wen Yueh Lu (hereinafter "Defendant"), by and through counsel undersigned, and hereby submits his Reply to the Government's

(hereinafter "Respondents") Response to Petitioner's Reply filed on January 8, 2007. With particular respect to the Government's urging that exhaustion of remedies bars any relief to Defendant, the record of Magistrate Case No. 06-00031 suggests the Defendant exhausted his argument previously, and nevertheless he still remains in custody.

On December 12, 2006, Defendant filed his Motion for Release or to Reduce Bail Conditions; Memorandum in Support of Motion. See, Exhibit "A", Motion for Release or to Reduce Bail Conditions, attached. Therein, at page 8, Defendant expressly argued in writing to this Court that the United Nation's Law of the Sea Treaty ("LOS Treaty"), as adopted by the President of the United States of America, compels this Court to observe customary international law. The United States District Court decisions in Lauritzen and US v. Royal Carribean Cruises, Ltd., affirm the positive and common law effect of the Rules of customary international law.

On December 12, 2006, the text from the LOS Treaty Article 73 was quoted:

> **2. Arrested vessels and their crew should be promptly released upon the posting of reasonable bond or other security.** (Emphasis added).

Id. at p. 8, Exhibit "A".

At hearing held on December 13, 2006, the Court imposed a bail release condition of a $5,000.00 cash deposit. This is the maximum fine for the offense charged. Despite the fact that Defendant paid the Clerk of Court $5,000.00 and posted the maximum

E:\Jean\Plds\DJB\Wen Lu v. Hon. Rapadas\Supp.reply.wpd

possible bond, he remains confined by the Respondents on the island of Guam with the prohibition against his departure from Guam for any reason, with his passport held by the Respondents.

Previously, on December 9, 2006, the initial appearance and arraignment was held. No bond whatsoever was set, despite the request of Defendant's counsel. Defendant was sent to jail; and in fact, kept incarcerated in jail over Defendant's vigorous objections. On December 9, 2006, Defendant argued that the incarceration of Defendant was contrary to justice and fair play. Notwithstanding Defendant's arguments to be released on his personal recognizance or upon a reasonable bond, this Court ordered Defendant to prison without any bond. Defendant remained in Guam prison until bond was set and payment of $5,000.00 was deposited on December 13, 2006.

As thoroughly discussed in Petitioner/Defendant's Reply Brief filed on January 4, 2007, §2241 "does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus." Laing v. Ashcroft, 370 F.3d 994, 997 (9th Cir. 2004) (citations and quotations omitted). The requirement that habeas petitioner's exhaust judicial remedies is merely a prudential requirement. Id. According to the Laing opinion, this requirement is not jurisdictional, and can be waived:

> Exhaustion can be either statutorily or judicially required. If exhaustion is required by statute, it may be mandatory and jurisdictional, but *courts have discretion to waive a prudential requirement.*

Id. at 998 (emphasis added). The Government's apparent and continued failure to cite to any cases contradicting Petitioner's authorities, both on this habeas procedure and the substance of the LOS Treaty, reflects the soundness of Petitioner's argument

For these above reasons in addition to those set forth in the January 4, 2007 Petitioner/Defendant's Reply to the Government's Response to Petition for Writ of Habeas Corpus, Defendant suggests to this Court that he has exhausted his remedies or that the doctrine of exhaustion remedies is merely prudential and not jurisdictional, as a bar to relief of this Court.

## **CONCLUSION**

Defendant Wen Yueh Lu should be released from any custody, confinement or restrictions on his travel from the island of Guam, and never be held in custody or in jail for any time, in light of his deposited bail bond of $5,000.00 (the maximum fine).

E:\Jean\Plds\DJB\Wen Lu v. Hon. Rapadas\Supp.reply.wpd

Dated this 9th day of January, 2007.

> Respectfully submitted,
>
> **BERMAN O'CONNOR & MANN**
> **THE LAW OFFICES OF MARK S. SMITH**
> Attorneys for Petitioner/Defendant:
> *WEN YUEH LU*
>
> By: _____
> **DANIEL BERMAN**
> **MARK S. SMITH**

E:\Jean\Plds\DJB\Wen Lu v. Hon. Rapadas\Supp.reply.wpd

BERMAN O'CONNOR & MANN
Suite 503 Bank of Guam Bldg.
111 Chalan Santo Papa
Hagatna, Guam 96932
Telephone: (671) 477-2778

Attorneys for Defendant:
WEN YUEH LU

**FILED**
DISTRICT COURT OF GUAM
DEC 12 2006
MARY L.M. MORAN
CLERK OF COURT

RECEIVED
U.S. Probation Office
DEC 12 2006
Districts of Guam
and NMI

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | ~~CRIMINAL~~ CASE NO. 06-00031 MAGISTRATE |
| Plaintiff, | |
| vs. | **MOTION FOR RELEASE OR TO REDUCE BAIL CONDITIONS; MEMORANDUM IN SUPPORT OF MOTION** |
| WEN YUEH LU, | |
| Defendant. | |

### MOTION

COMES NOW Defendant WEN YUEH LU, through counsel undersigned, and brings this Motion pursuant to 18 U.S.C. §3142(b) and (c). Defendant WEN YUEH LU has been held in jail by virtue of order denying any bail entered on December 9, 2006. This is the equivalent of four (4) nights and five (5) days prior to hearing on this Motion. This Motion is based on the Declaration of Counsel filed herewith, accompanying Memorandum of Points and Authorities and any evidence which may be presented at the hearing of this matter. Defendant Lu respectfully requests that he be released to his third party custodian and/or a reasonable bail set.

E:\Jean\Plds\DJB\Chen Hsin Yu\release.wpd

**US Attorney's Office
Districts of Guam & NMI**
DEC 12 2006
Time 907
Receiving name JEmmanuel
Date keyed in Dbase _____
Entered into Dbase by: _____

Case 1:06-cv-00039    Document 10    Filed 01/09/2007    Page 6 of 10
**EXHIBIT**

adjudication by this Court. If such were the true purpose of the Government, then this charge would have been promptly filed immediately after the arrest of the vessel Marshalls 201 on September 9, 2006.

Third, certain principles of customary international law bear directly upon the captain's bond and release and this case in general. The United National Law of the Sea Treaty ("LOS Treaty") has been ratified as of October 23, 2006, by 152 nations. The flag state of the fishing vessel on which Defendant Lu served is the Republic of the Marshalls Island, which ratified the LOS Treaty on August 9, 1991. Article 73 of the LOS Treaty reads as follows:

### Article 73
### Enforcement of Laws and Regulations of the Coastal State

1. The coastal State may, in the exercise of its sovereign rights to explore, exploit, conserve and manage the living resources in the exclusive economic zone, take such measures, including boarding, inspection, arrest and judicial proceedings, as may be necessary to ensure compliance with the laws and regulations adopted by it in conformity with this Convention.

2. Arrested vessels and their crews shall be promptly released upon the posting of reasonable bond or other security.

3. Coastal State penalties for violations of fisheries laws and regulations in the exclusive economic zone may not include imprisonment, in the absence of agreements to the contrary by the States concerned, or any other form of corporal punishment.

E:\Jean\Plds\DJB\Chen Hsin Yu\release.wpd

Although the United States has yet to ratify the LOS Treaty,[1] the rules set forth above are binding on the United States as rules of customary international law. Lauritzen v. Larsen, 354 U.S. 571, 581-82 (1953); U.S. v. Royal Caribbean Cruises, Ltd., 11 F. Supp. 2d 1358 (S.D.Fla. 1998) (the principle of customary international law in connection with the Law of Sea Convention binds the United States by virtue of Article 18 of the Vienna Convention on the Law of Treaties where a nation has expressed consent to be bound by an international treaty even though it has not been formally ratified).; U.S. v. Royal Caribbean Cruises, Ltd., 24 F. Supp. 2d (D.Puerto Rico 1997) (submission of the LOS Treaty to the Senate by the President expresses United States intention to be bound by its terms). As such, its terms restrict the United States from refusing to release Defendant Lu upon the posting of a reasonable bond based on a alleged violation of the U.S. 200-mile exclusive economic zone fishing statute, i.e. 16 U.S.C. § 1857(1)(D). Moreover, Defendant Lu cannot be punished by any form of imprisonment, because the Republic of the Marshall Islands has not consented to any such sanction.

Finally, the Court should be aware that this case involves a serious dispute over the jurisdiction of the United States in these circumstances. Enforcement officials of the United States are asserting geographic jurisdiction over the vessel and Defendant Lu on the basis that both were within the U.S. 200-mile exclusive economic zone that allegedly surrounds Baker and Howland Islands in the central Pacific. That claimed geographic area abutts the 200-mile exclusive economic zone of the Government of Kiribati to the south,

---

[1] The U.S. Senate Foreign Relations Committee favorably reported the LOS Treaty for ratification On March 11, 2004 and the Treaty is awaiting final Senate approval.

E:\Jean\Plds\DJB\Chen Hsin Yu\release.wpd

from which the subject vessel had a permit to fish. However, the dividing line between the ocean area claimed by the United States and that of Kiribati has never been finally determined by treaty or other agreement and is thus uncertain as a matter of international law.

In addition, there are serious questions in this case as to (1) whether the unilateral U.S. assertion of jurisdiction by notice of chart/map coordinates published in the domestic Federal Register gave proper notice to international parties; (2) whether the unilaterally asserted coordinates comply with customary international law; (3) whether the area the vessel was fishing and then arrested is in fact part of the 200-mile exclusive economic zone of Kiribati based on the principle of equidistant maritime boundary demarcation; (4) whether the United States is estopped from arresting the vessel and Defendant Lu where the U.S. State Department published a chart of the claimed U.S. jurisdictional line and such line was north of where the vessel was fishing and then arrested; and (5) whether, because neither Baker nor Howland Islands are inhabitable, the United States is entitled, under international law, to claim a 200-mile exclusive economic zone around them.

Recently, the Federal District Court in the Eastern District of Texas in <u>United States v. Kun Yun Jho</u>, 2006 WL 3488952 (Dec. 4, 2006), dismissed certain criminal charges against crew member on a Marshall Islands flagged vessel brought by the United States for violations of U.S. pollution laws on the basis of conflict with customary rules of international law in the LOS Treaty. A copy of the decision is attached as Exhibit "5".

E:\Jean\Plds\DJB\Chen Hsin Yu\release.wpd



BERMAN O'CONNOR & MANN
Suite 503 Bank of Guam Bldg.
111 Chalan Santo Papa
Hagatna, Guam 96932
Telephone: (671) 477-2778

Attorneys for Defendant:
WEN YUEH LU

FILED
DISTRICT COURT OF GUAM

DEC 12 2006

MARY L.M. MORAN
CLERK OF COURT

RECEIVED
U.S. Probation Office
DEC 12 2006
Districts of Guam
and NMI

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>WEN YUEH LU,<br><br>Defendant. | CRIMINAL CASE NO. 06-00031<br>MAGISTRATE<br><br>**NOTICE OF MOTION FOR RELEASE OR TO REDUCE BAIL** |

### NOTICE OF MOTION FOR RELEASE OR TO REDUCE BAIL

Please take notice that on December 13, 2006 at the hour of 9:30 A.M., the Defendant shall move pursuant to 18 U.S.C. §3142 (b) and (c) for release or reduction in bail conditions. This motion is based upon the Memorandum of Points and Authorities and Declaration of Counsel filed herein on December 12, 2006.

DATED this 12th day of December, 2006.

US Attorney's Office
Districts of Guam & NMI

Time ab DEC 12 2006
Receiving name Emmanuel
Date keyed in Dbase _____
Entered into Dbase by: _____

By: _____

**BERMAN O'CONNOR & MANN**
Attorneys for Defendant WEN YUEH LU

/s/ Daniel J. Berman
**DANIEL J. BERMAN**

E:\Jean\Plds\DJB\Chen Hsin Yu\ntc mtn.wpd