Daniel J. Berman, Esq.
BERMAN O'CONNOR & MANN
Suite 503 Bank of Guam Bldg.
111 Chalan Santo Papa
Hagatna, Guam 96932
Telephone: (671) 477-2778

Mark S. Smith, Esq.
THE LAW OFFICES OF MARK S. SMITH
456 West O'Brien Drive, Suite 102-D
Hagåtña, Guam 96910
Telephone: (671) 477-6631

Attorneys for Petitioner:
*WEN YUEH LU*

FILED
DISTRICT COURT OF GUAM
JAN -9 2007
MARY L.M. MORAN
CLERK OF COURT

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF GUAM

| | |
|---|---|
| WEN YUEH LU,<br><br>Petitioner,<br><br>vs.<br><br>LEONARDO M. RAPADAS, United States Attorney for the Territory of Guam and the Northern Mariana Islands, JOAQUIN L.G. SALAS, in his official capacity as the Chief Marshal; Territory of Guam; and FRANK MICHAEL CRUZ, in his official capacity as Chief Probation Officer, U.S. Probation Office for the Territory of Guam,<br><br>Respondents. | CIVIL CASE NO. CV06-00039<br><br>**PETITIONER/DEFENDANT'S OPPOSITION TO MOTION TO TO DISQUALIFY COUNSEL** |

### I. SUMMARY OF OPPOSITION

Counsel for the United States is seeking to prevent the Petitioner/Defendant Wen Yueh Lu (hereinafter "Defendant") in this case from employing the counsel of his choice in this Class B misdemeanor case, without citing a single case wherein the prosecutor has

standing to assert a conflict of interest for a defendant the prosecutor is trying to convict. Needless to say, the motion of the United States to disqualify Daniel Berman is a highly unusual move, if not unprecedented for a case lacking any criminal co-defendants, and instead exhibits two separate law firms representing the one defendant[1]. Moreover, this ploy has more to do with litigation maneuvering than any real concern as to whether the Defendant will have effective representation. In June 2006, the Supreme Court affirmed again that the Sixth Amendment requires that a defendant's right to counsel of his choice be held sacrosanct and that a trial court's denial of that right is "structural error" not subject to review for harmlessness. *U.S. v. Gonzalez-Lopez*, ___ U.S. ___, 126 S.Ct. 2557 (2006).[2]

Rule 44 of the Federal Rules of Criminal Procedure, requiring the court to inquire into an issue of joint representation, does not apply because this criminal case only has one defendant and Defendant is not a party in the civil forfeiture action involving the vessel he captained, the MARSHALLS 201. More importantly, Attorney Mark Smith is not

---

[1] Rule 44 of the Federal Rules of Criminal Procedure sets forth factual situations of joint representation in the same case where a court should undertake an inquiry. The Supreme Court has stated that trial courts should also guard against any attempt by the government to "manufacture" a conflict in order to prevent a defendant from obtaining particularly able defense counsel. *Wheat v. U.S.*, 486 U.S. 153, 163 (1988). It is generally the practice that the defendant must present hard evidence of an alleged conflict of interest, and not "vague, unspecified possibility of conflict" that may impede a fair trial. *Mickens v. Taylor*, 535 U.S. 162, 169-170 (2001).

[2] The Court should note that counsel for the United States did not cite this important Supreme Court case anywhere in her brief.

E:\Jean\Plds\DJB\Wen Lu v. Hon. Rapadas\Oppo.Mtn.wpd

an Associate of, or "in association with", the Berman O'Connor & Mann Firm; instead, he is solo private attorney making independent decisions and providing separate advice to Defendant. <u>See</u>, Declaration of Mark S. Smith, ¶¶3, 4 and 5, filed herewith; <u>also</u>, USA Plaintiff's Exhibit 2-i, Notice of Appearance of Mark S. Smith. Counsel for the United States merely speculates about a conflict of interest in an effort to deny Defendant the counsels of his choice and to impede his defense.[3] The motion should be summarily denied.

## II. FACTUAL BACKGROUND

### A. Who Represents Defendant?

Defendant in this case is represented by two separate lawyers and two law firms, Mark Smith and Daniel Berman, and two different law firms. Mark Smith practices law in his own separate office and is not "associated" with Daniel Berman's law firm.[4] Mark Smith and Daniel Berman have been retained by Defendant as "co-counsel."[5] These two counsel are Defendant's choice to represent him in this case. The habeas petition filed

---

[3] It is Defendant's position that counsel for the United States has already violated international law by arresting and incarcerating him for a fishery violation, in violation of Article 73.3 of the United Nations Law of the Sea Treaty, which is binding on the United States as a matter of customary international law. The thrust of the habeas petition filed in this case is that Defendant, now that he has paid a bond, must be released unconditionally and cannot, in any event, ever be imprisoned.

[4] Declaration of Mark Smith at ¶ 4 and 5.

[5] Declaration of Mark Smith at ¶ 3.

E:\Jean\Plds\DJB\Wen Lu v. Hon. Rapadas\Oppo.Mtn.wpd

on behalf of Defendant was filed with both co-counsel, not just by Mr. Berman as alleged by counsel for the United States.

In fact, the U.S. Motion for Disqualification refers to (U.S. Government) Exhibit 2-i, Notice of Appearance as co-counsel. This document proves the very separateness of the two different Law Firms of Berman O'Connor & Mann, as independent from The Law Offices of Mark Smith. Likewise, in fact, the December 21, 2006 letter of the Law Offices of Mark Smith proves his separate law office identity with different Guam and Saipan offices that have no association with Daniel Berman or Law Firm of Berman O'Connor & Mann. <u>See</u>, U.S. Government Exhibit "4", letter Attorney Mark Smith, dated December 21, 2006, filed December 29, 2006. Most importantly, the Attorney Mark Smith correspondence proves the relevant point that the very plea negotiations being complained of (as if plea negotiations could form some base of disqualification by a prosecutor) are being handled by Attorney Mark Smith.

**B.    There Are No Co-Defendants in this Criminal Case.**

Wen Yueh Lu is the only defendant in Magistrate Case No. 06-00031, which involves a single charge of violating a fishery management statute of the United States, 16 U.S.C. § 1857(1)(D). Rule 44, Federal Rules of Criminal Procedure, applies when (1) two or more defendants have been charged jointly under Rule 8(b) or have been joined for trial under Rule 13; and (2) the defendants are represented by the same counsel, or counsel who

are associated in law practice. No other individual or entity has been charged along with Defendant for the same alleged violation. Rule 44 does not apply.

### C. Wen Yueh Lu is Not a Defendant or Claimant in the Pending Civil Forfeiture Action.

In the civil forfeiture action against the MARSHALLS 201 Civil Case No. 06-00030, Wen Yueh Lu is not a party. The action was brought in rem against the vessel itself. The owner of the vessel, the Marshall Islands Fishing Company, filed a claim for the vessel pursuant to admiralty rules of procedure. Because of his position as the captain of the MARSHALLS 201, he has been deposed as a witness.

### D. The Owner of the MARSHALLS 201 Is Not A Criminal Enterprise.

Under Rule 44, counsel for the United States suggests that this Court must conduct an inquiry into who is paying for Lu's representation, insinuating that the owner of the vessel is a criminal enterprise that is controlling a defendant's defense. See Counsel for United States Memorandum of Law at 3 (citing United States v. Allen, 831 F.2d 1487 (9th Cir. 1987).[6] This allegation is patently erroneous and is based on no evidence whatsoever. Speculation should never be the basis for determining whether a conflict of interest exists or not, in particular speculation by the prosecutor in the case into the Defendant's choices for defense counsel. In any event, Rule 44 is not applicable to the case at hand.

---

[6] In that case, the Ninth Circuit affirmed a ruling by the trial court that defendant's allegations about joint representation did not establish that he, in fact, had been denied effective assistance of counsel.

E:\Jean\Plds\DJB\Wen Lu v. Hon. Rapadas\Oppo.Mtn.wpd

### E. The Captain Was Arrested and Incarcerated by Counsel for the United States.

The thrust of the pending habeas petition is that counsel for the United States not only refuses to release Defendant unconditionally, as required by customary international law binding on the United States, but that counsel for the United States unlawfully caused him to be arrested and incarcerated in jail for 5 days in violation of customary international law and is further threatening more incarceration, also in violation of customary international law.  Upon the filing of Defendant's habeas petition, counsel for the United States then filed a motion to disqualify one of Defendant's co-counsel and requests that the Court vacate all schedules and postpone the United States' response to the habeas petition to a later time.

### F. The Positions of Defendant Lu and Marshalls 201 are Parallel and Consistent

First, Defendant Lu's position is that he shall be "promptly released upon the posting of reasonable bond or other security" LOS Treaty, Article 73.  Defendant Lu filed his Motion for Release on December 12, 2006, expressly arguing and citing the law of the LOS Treaty.  Motion at 8. Defendant Lu filed his Petition for Habeas Corpus on December 22, 2006, requesting the same relief, based on the same law of LOS Treaty.  Nothing in Defendant Lu's advocacy to this Court, or even to the U.S. prosecutor, that he cannot be jailed or imprisoned after posting reasonable bond, is inconsistent or in conflict of interest

E:\Jean\Plds\DJB\Wen Lu v. Hon. Rapadas\Oppo.Mtn.wpd

with the Marshalls 201 case CV06-00030. Stated another way, the Defendant's position are consistent and parallel.

Second, the Government's charge of refusal to stop in Magistrate Case No. 06-00031, assumes as a necessary element that Defendant Lu refused to stop while in the U.S. EEZ waters. In response, Defendant Lu as the then-Captain of the Defendant Marshalls 201, asserts that he never received a stop order, and in any event, did stop within a reasonably very short period of time after the confusion settled down. All of Defendant Lu's stated criminal defenses, including but not limited to a lack of jurisdiction over the published EEZ, are parallel and consistent with the civil defenses of the Marshalls 201 (his then ship), Civil Case No. 06-00030.

Third, in the context of alleged conflicts of interest, the Civil Case No. 06-00030, Marshalls 201 is a forfeiture action of a ship. <u>See</u>, U.S. Motion to Disqualify, Exhibit "1", Complaint. The forfeiture action of the ship has no criminal charges; and, no criminal defendants. Accordingly, no reason exists to apply F.R. Crim.Pro. 44 applicable to people who are criminal co-defendants.

E:\Jean\Plds\DJB\Wen Lu v. Hon. Rapadas\Oppo.Mtn.wpd

## III. ARGUMENT

### A.　Federal Rule of Criminal Procedure 44 Does Not Apply.

The factual predicates for application of Rule 44 of the Federal Rules of Criminal Procedure do not exist in this case. Because the facts of this case do not involve two or more defendants charged jointly, the judicial inquiry required in that Rule is not applicable. There is no conflict between co-defendants to sort out. Rule 44 cannot be used by an overly aggressive prosecutor to conduct a "fishing expedition" into attorney-client privileged communications where no conflict is apparent from the essential operative facts. The language in Rule 44 with regard to joint representation refers back to Rule 8(b), which deals with situations in which "[t]wo or more defendants …[are]…charged in the same indictment or information ." Because that situation is not present here, Rule 44 does not apply.

Here, counsel for the United States is seeking to manufacture a conflict of interest in circumstances where it is clear that Rule 44 simply does not apply. Without an adequate showing of a clear conflict of interest, as opposed to a "mere theoretical division of loyalties," the Court need not engage in Rule 44 inquiry. *Mickens v. Taylor*, 535 U.S. 162, 169 (2002) (a vague, unspecified possibility of conflict does not trigger the duty to inquire). Moreover, counsel for the United States does not demonstrate that the two separate counsels' representation for one defendant leads to the extreme sanction of order of disqualification.

E:\Jean\Plds\DJB\Wen Lu v. Hon. Rapadas\Oppo.Mtn.wpd

Thus, no special circumstances trigger the Court's duty to inquire under Rule 44 in this case. Only when such circumstances exist should the Court seek to invade the attorney-client privilege that existed between Defendant and his co-counsel, as counsel for the United States is requesting. The Court should refuse this overly aggressive attempt to gain advantage in this criminal case by denying Defendant the legal representation he has chosen.

### B. The Civil Forfeiture Action Does Not Create a Conflict of Interest.

Defendant Lu is not a charged party in the pending vessel forfeiture action and is not subject to any penalty in that case. Nonetheless, counsel for the United States suggests to the Court that Rule 44 even applies where there is a parallel civil case, citing *U.S. v. Schwartz*, 283 F.3d 76 (2nd Cir. 2002). In that case, a jury in a civil rights case was exposed to extrinsic information about a co-defendant in criminal case that prejudiced the jury against defendant. No such "actual conflict that prejudiced a fair trial" has been shown to exist in this case. Defendant, moreover, has already testified as a witness in the civil forfeiture action in the deposition of December 8, 2006, at which counsel for the United States was present and engaged in cross examination.

In furtherance of her argument, counsel for the United States makes reference to an exchange of letters made in an attempt to settle this criminal case and claims that a conflict is created because the United States wants Defendant to admit certain facts relative

E:\Jean\Plds\DJB\Wen Lu v. Hon. Rapadas\Oppo.Mtn.wpd

Wen Yueh Lu v. Hon L. Rapadas et al.
PETITIONER/DEFENDANT'S OPPOSITION TO MOTION TO
TO DISQUALIFY COUNSEL

CV06-00039
PAGE 10

to the civil forfeiture action. The implication is that the United States believes that it is in Defendant's best interest to plea guilty and admit to certain issues of fact, no doubt to gain advantage in the civil forfeiture case and as well as to win a quick conviction in a complicated international ocean boundary case.

Putting aside the obvious question of the propriety of using an exchange of settlement offers as evidence,[7] the required factual predicate for a judicial inquiry into a conflict of interest issue does not exist. In the interests of protecting Defendant's Sixth Amendment rights, the Court should not countenance the obvious ploy of counsel for the United States to gain advantage in both cases, first by threatening incarceration (an illegal act) and then forcing a settlement entirely to Defendant Lu's disadvantage by leverage of an unlawful threat.

### C. Motion to Strike U.S. Motion: Exhibits "4", "5" and "6" (Offers to Compromise)

Defendant Lu moves the court to strike the U.S. Motion to Disqualify Exhibits "4", "5" and "6" as offers to compromise prohibited as evidence in Court by FRE §408. No doubt should exist that the parties are negotiating for a reasonable plea, with exchanges of offers to compromise. Affiliated Mfrs v. Aluminum Co., 56 F.3d 521, 526-530 (3d Cir. 1995) (correspondence of settlement negotiations prohibited). The judicial policy to

---

[7] Defendant believes that counsel for the United States offers the exchange of correspondence for the proposition that Defendant believes he is guilty because he has offered to settle for a nolo contendere plea. Such usage is prohibited by Rule 408 of the Federal Rules of Evidence.

E:\Jean\Plds\DJB\Wen Lu v. Hon. Rapadas\Oppo.Mtn.wpd

encourage settlements of disputes should not be subverted by the prosecutor's efforts to remove counsel for defense. 31 Cal.Jur.3d Evidence §212 (Negotiations for Settlement) (1976) (Any statements made in negotiation of offers to compromise claims are inadmissible).

### D. The Motives of Counsel for the United States Are Highly Questionable.

The fundamental focus of a Rule 44 inquiry into a conflict of interest in the context of a criminal trial is to ensure a fair trial "for the accused" not to benefit the prosecutor. Counterbalancing the interest in a fair trial in this context, is the strong Sixth Amendment right to a defendant's choice for an effective advocate, who has knowledge of both the law and the facts in the case, and a commitment to his cause. Counsel for the United States demonstrates only an interest in forcing a desired result in both this criminal case and in the civil forfeiture case, contrary to basic principles of fair play.

### E. The Standard Applicable to a Motion to Disqualify

In Re BellSouth Corp., 334 F.3d 941 (11th Cir. 2003), the Court stated at p. 961:

> Because the party is presumptively entitled to counsel of his choice, that right may be overridden only if "compelling reasons" exist . . . The party moving to disqualify counsel bears the burden of proving the grounds for disqualification. Duncan v. Merrill Lynch, 646 F.2d 1020, 1028 (5th Cir. Unit B 1981); accord A.J. by L.B. v. Kierst, 56 F.3d 849, 859 (8th Cir. 1995); see also American Airlines, 972 F.2d at 611 (holding that motions to disqualify are subject to exacting review because of potential for strategic abuse); Evans v. Artek Sys. Corp., 715

F.2d 788, 794 (2nd Cir. 1983) (characterizing movant's task in seeking removal of opposing counsel as "heavy burden").

See also Flo-con Systems, Inc. v. Servsteel, Inc., 759 F.Supp. 456 (N.D. Ind. 1990) ("A motion for attorney disqualification which is usually based on an alleged violation of these canons, must be viewed with extreme caution to avoid its misuse as an instrument of harassment. .. Disqualification is a drastic measure which should not be imposed unless absolutely necessary . . ."); Professional Service Industries, Inc. v. Kimbrell, 758 F.Supp. 676 (D. Kan. 1991) ("Motions to disqualify should be reviewed with extreme caution for they can be misused as techniques of harassment."). Thus the standard of "extreme caution" with which courts approach Motions to Disqualify should be applied here.

In the present case, it is noteworthy that Daniel Berman entered his appearance on December 9, 2006. On December 29, 2006, Ms. Johnson's Motion to Disqualify was filed. The Court file may confirm that during the intervening twenty days, and in the 90 days prior thereto, Mr. Berman expended enormous time and effort in becoming familiar with the Captain (Defendant Lu) and ship arrest case, and taking action on this case that includes preparation of Defendant Lu's Petition for Habeas Corpus. Relief on the habeas petition is mandated by the Law of the Sea Treaty, U.S. Federal Court precedent and relevant International Tribunal cases. These Law of the Sea legal authorities are not commonly researched and litigated by the criminal defense bar of Guam, so disqualification of Attorney Berman is particular prejudicial to Defendant Lu. Further, the expenses associated with retention of a new counsel and his education upon the Law of the

E:\Jean\Plds\DJB\Wen Lu v. Hon. Rapadas\Oppo.Mtn.wpd

Sea Treaty, all the facts, the arrest, related discovery, and preparation for the Trial scheduled in 3 weeks are cost prohibitive to Defendant Lu. Defendant would point out that the criminal discovery provided thus far is already at 4,000 pages on one DVD-rom.

### F. The U.S. Motion to Disqualify Counsel Reference to the D.R. (Disciplinary Rules) and the E.C. (Ethical Considerations) is not Relevant nor Authorized

The Guam District Court General Rules, last amended in 2000, in GR 22.3(b) refer to "the standards of conduct required of members of the Bar of Guam and contained in the American Bar Association Model Rules of Professional Conduct as adopted on August 2, 1983, and as thereafter amended or judicially construed."

The Guam Supreme Court formerly followed the 1982 ABA rules. However, by Promulgation Order No. 04-002, effective September 29, 2003, it adopted the new 2002 ABA rules. Although the Old Disciplinary Rules and Ethical Considerations may have been in effect in earlier days, they have not been followed for many years in Guam. Accordingly, the U.S. Government misplaced reference to the superseded ethics authorities of D.R.s and E.C.s should be ignored and their Exhibits "7" and "8" stricken.

GR 22.3(b) has not been amended and still refers specifically to the applicable rules, "as thereafter amended or judicially construed", and mentions the standards applicable to the Bar of Guam.

E:\Jean\Plds\DJB\Wen Lu v. Hon. Rapadas\Oppo.Mtn.wpd

In sum, the 2002 ABA rules apply (as amendments to the 1983 rules) to a 2007 Guam District Court ethics matter. These rules are on the Guam Supreme Court website under Promulgation Order and also on the Compiler of Laws website under court rules.

## IV. CONCLUSION

For the reasons set forth above, the Court should deny the motion by counsel for the United States to disqualify Daniel Berman as co-counsel for Defendant.

DATED: January 9, 2007

**BERMAN O'CONNOR & MANN**

By: *[signature]*
DANIEL BERMAN

**THE LAW OFFICES OF MARK S. SMITH**

By: *[signature]*
MARK S. SMITH

Attorneys for Petitioner/Defendant *WEN YUEH LU*

# CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of January, 2007, I caused to be served a copy of the Declaration of Defendant's Counsel on the following:

**VIA HAND DELIVERY**

Karon Johnson, Esq.
Office of the United States Attorney
108 Hernan Cortes Avenue, Suite 500
Hagåtña, Guam 96910

Dated this 9th day of January, 2007

BY: _____
JEANNETTE F. RIVERA