IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| WEN YUEH LU, | CIVIL CASE NO. 06-00039 |
| Petitioner, | |
| vs. | **REPORT & RECOMMENDATION** |
| LEONARDO M. RAPADAS, etc., *et al.*, | To Dismiss Petition for Writ of Habeas Corpus |
| Respondents. | |

On December 22, 2006, the above-named petitioner Wen Yueh Lu ("Mr. Lu") filed a Petition for a Writ of Habeas Corpus alleging that he is being detained in violation of the laws of the United States.[1] Mr. Lu sought (a) an order enjoining the Respondents from enforcing the terms of the Order Setting Conditions of Release in Magistrate Case No. 06-00031; (b) an order requiring the Respondents to release him unconditionally since he had posted a reasonable bond in Magistrate Case No. 06-00031; and (c) an order finding that even if guilty of the offense charged in Magistrate Case No. 06-00031, he can never be imprisoned for the offense.

On January 16, 2007, Mr. Lu appeared before the below-signed Magistrate Judge for a hearing on various motions filed in this case and in Magistrate Case No. 06-0031. Among those motions was a Motion Waiving Defendant's Presence, pursuant to Rule 43(b)(2) of the Federal

---

[1] At the time, Mr. Lu was not incarcerated by federal authorities. Nevertheless, he asserted that he had been "incarcerated on the Island of Guam" because certain release conditions imposed against him in a separate criminal case (Magistrate Case No. 06-00031) prevented him from returning to his residence in the Republic of Taiwan to pursue his livelihood.

Rules of Criminal Procedure.[2] After reviewing the written consent and addressing Mr. Lu personally, the Court accepted the his waiver of his right to be present for plea, trial and sentencing. Additionally, the Court released Mr. Lu from all previously imposed conditions.

Additionally at this hearing, Mark Smith, Mr. Lu's defense counsel in the criminal case, and Daniel Berman, Mr. Lu's counsel in this civil action, stated that if the Court permitted plea, trial and sentencing to occur in Mr. Lu's absence and allowed Mr. Lu to return home, the relief sought in Mr. Lu's habeas corpus petition would be moot. Accordingly, counsel would move to withdraw the petition.

In light of this representation and the facts that the Court permitted plea, trial and sentencing to occur in Mr. Lu's absence and allowed Mr. Lu to return home, the below-signed Magistrate Judge hereby recommends that the District Judge dismiss this action.

DATED this 17th day of January 2007.



**/s/ Joaquin V.E. Manibusan, Jr.**
**U.S. Magistrate Judge**

---

[2] This rule provides the following:

A defendant need not be present under any of the following circumstances:
. . .
(2) Misdemeanor Offense. The offense is punishable by fine or by imprisonment for not more than one year, or both, and *with the defendant's written consent*, *the court permits* arraignment, plea, trial, and sentencing to occur in the defendant's absence.

Fed. R. Crim. P. 43(b)(2) (emphasis added)